NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS SANCHEZ-MARTINEZ, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 21-70425 Agency No. A200-976-440 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 17, 2023[**]
San Francisco, California

Before: BEA, CHRISTEN, and JOHNSTONE, Circuit Judges.

Petitioner Carlos Sanchez-Martinez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen to pursue asylum, withholding of removal, and protection under the Convention Against Torture. Because the parties are familiar with the facts, we do

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

not recount them here.

We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition.

1. The BIA denied the motion to reopen because it determined that Sanchez-Martinez had failed to present material, new, previously unavailable evidence regarding conditions in Mexico. *See* 8 C.F.R. § 1003.2(c)(1). The failure to proffer material, new, previously unavailable evidence provides independent grounds for the BIA to deny a motion to reopen. *Najmabadi*, 597 F.3d at 986.

2. The BIA did not abuse its discretion when it determined that Sanchez-Martinez had failed to proffer evidence that was material. The evidence that Sanchez-Martinez adduced—a personal declaration, a 2019 U.S. State Department Mexico Human Rights Report, and a 2020 U.S. State Department Mexico Travel Advisory—describes only "generalized conditions" of crime and violence in Mexico that threaten the populace at large. *See Najmabadi*, 597 F.3d at 990. The evidence lacks the "individualized relevancy" necessary to establish that Sanchez-Martinez's "predicament is appreciably different from the dangers faced by [his] fellow citizens." *See id.* at 989–90. Sanchez-Martinez has not presented the type of threats to himself or to individuals in his proposed social groups—"Americanized" long-term residents of the United States or imputed non-Mexican nationals or Mexican

2

nationals with family in the United States—that this Court has held can suffice to establish materiality. *See Malty v. Ashcroft*, 381 F.3d 942, 945–46 (9th Cir. 2004); *Bhasin v. Gonzales,* 423 F.3d 977, 982–83 (9th Cir. 2005).

3. Nor did the BIA abuse its discretion in determining that Sanchez-Martinez failed to present evidence that was new and previously unavailable. At his initial cancellation of removal merits hearing in August 2018, Sanchez-Martinez proffered a 2016 U.S. State Department Mexico Human Rights Report that described violent conditions in Mexico. The evidence that Sanchez-Martinez presented in support of his motion to reopen describes substantially similar conditions and is not "qualitatively different" from the Human Rights Report that Sanchez-Martinez presented at his initial merits hearing. *See Najmabadi*, 597 F.3d at 987; *Malty*, 381 F.3d at 945–46. Moreover, Sanchez-Martinez did not proffer evidence of any new, specific threats of violence while his appeal with the BIA was pending that could give rise to a newfound fear of persecution. *See Bhasin*, 423 F.3d at 982–83. Accordingly, the BIA acted within its discretion when it concluded that Sanchez-Martinez's evidence in support of his motion to reopen was not new and previously unavailable.

4. The BIA's determination that Sanchez-Martinez failed to submit new, previously unavailable, material evidence was sufficient grounds for it to deny Sanchez-Martinez's motion to reopen. *See Najmabadi*, 597 F.3d at 991–92.

"[B]ecause [Petitioner] did not present previously unavailable, material evidence, the Board was entitled to deny the motion solely on those grounds." *Id.* at 992 n.2. Therefore, we need not consider whether Sanchez-Martinez has made a prima facie case that he is entitled to asylum or other relief.

**PETITION DENIED.**